We have a total of four cases, one of which is being submitted without argument on the brief today. That case is Appeal 1047 from the current Muir-Hempel v. Kimberly-Clark Corporation. We have three cases on our argument list. The first case is Appeal 7114 from 2009, Perez-Burgos v. Department of Veterans Affairs. Before we, excuse me, Chief, if I could briefly interject on behalf of Judge Bison and myself, I would like to take note of the occasion which many of you are aware of, that today is the last day that Judge Michel is presiding on the bench. He is retiring at the end of May. He will still be acting as a judge, both on these cases and on others that are pending through May, but he is retiring May 31st. This is not the time or the place for an extensive tribute to Judge Michel, but on behalf of Judge Bison and myself, and I know this is shared by all of the Court, we would like to say that he has been a wonderful judge, a wonderful friend, and a great Chief Judge who has done a great deal for the Court and the legal system. We will miss him greatly. We wish him well in all of his future endeavors, and I think with that said, it is time to turn it back to the Chief for today's official business. Thank you very much. Thank you. Mr. Carpenter, good morning to you. Welcome back to the Court. Please proceed. Thank you very much, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Perez-Burgos. The issue in this case is the interpretation of 38 U.S.C. Section 5107B. The matter for determination in Mr. Perez-Burgos' case was the relationship between his current disability from bipolar disorder and the symptoms of a psychiatric condition that were exhibited during service. The Board denied Mr. Burgos' claim based upon a finding that the July 1999 VA examiner's opinion that the veteran's currently diagnosed bipolar disorder was not related to service was more probative. The VA obtained an examination in response to a favorable or supportive opinion by his private physician in December 1996. Is that Dr. J.? That's Dr. J., that's correct. Well, Dr. J. used to be a basketball player, but I think this isn't the same one. No, sir. In any event, the Board discounted his testimony and said it was unreliable and unconvincing. What more can we as the appellate court do about that? Well, they did in relationship to his 1996 opinion. In relationship to the 2004 opinion, they did not offer that view, and in fact in 2004 Dr. J. offered a follow-up opinion that explained that the symptoms that the veteran experienced during service were the prodromal manifestations of Mr. Perez-Burgos' bipolar disorder. After May of 2004, the VA did not attempt to obtain a contradictory medical opinion to that medical opinion offered. As a consequence, we believe, and we argued below, that the Board misinterpreted 5107B by relying upon an assessment of the comparative probative value of the evidence, which was really merely a guise to determine that the evidence submitted by the VA in 1999 was more competent and therefore by that determination excluded any consideration of the evidence by the private physician. Wait a minute. You talk about competence and exclusion. I didn't see that any piece of evidence offered by the veteran was cast aside by the Veterans Department as evidence they wouldn't even look at. And the statute uses the word consider. So if they looked at every piece of evidence and assessed it by all the normal fact-finder type assessments, then shouldn't we conclude that they did consider it? There isn't any question that they did consider it, Your Honor. The question is whether they considered it through the proper lens provided under 5107B. That lens is merely whether the evidence that has been considered falls into one of two categories, either positive evidence or negative evidence. The evidence from the private physician was positive evidence, meaning in support of this nexus question, and the evidence from the 1999 examiners was negative evidence, meaning against the question of nexus. As a consequence, the only remaining determination was whether or not the resulting positive and negative evidence was or was not in an approximate balance. And the board said there was no doubt. So it seems to me that's a clear but indirect way of saying not in equipoise, not in balance. No. What they said was that the evidence preponderates against Mr. Perez's claim. And then they added, and there is no doubt. But the fact is, Your Honor, under the scheme, positive evidence and negative evidence, if it is in approximate balance, does create a doubt. And that's what was not addressed by the board in this decision. Well, I guess we're interpreting the language differently. When I read what the board concluded, I conclude that they considered all the evidence, and after considering it, found it to not be in balance, and therefore they didn't need to apply the rule of 5107 that if in equipoise, the issue has to be decided favorably to the claimant veteran. That's correct. Because what they did was is they effectively gave more weight to the 1999 decision. I agree, but what's wrong with that? I'm saying what's wrong with that is that that's not what 5107B contemplates. Well, are you suggesting that pieces of evidence have to just be counted and categorized as either favorable to the veteran or not, and then simply counted? And if there are six pieces of evidence favorable to the veteran, regardless of the quality,  that then the veteran has to win, or if it's 3-3, the veteran wins under the benefit of the doubt rule? No, that's not what I'm saying. What I'm saying is that through the lens of 5107B, that the analysis must be made in terms of whether the evidence presented is either positive or negative. There was no discussion in the board decision in this case as to whether or not the evidence was either positive or negative, but more importantly, they didn't go to the final question, which is the determinative factor, which is whether or not the positive and negative evidence was or was not in an approximate balance. We seem to be seeing such different things. Look to me like they said it's not even close to imbalance. The evidence, in their view, was overwhelmingly in favor of the view of the Veterans Department and against the private psychiatrist's conclusion of the claimant's psychiatrist. But that's simply inconsistent with the evidence of record. The evidence is discussed in the board's decision at pages 93 through 97, I believe, of the joint appendix. And in that discussion, they recognize that there is both positive evidence and negative evidence. When they get to their analysis, they simply make the conclusionary determination that the evidence from 1999 is more probative. Probativeness is not in the equation under 5107B. Why isn't probativeness or competency or credibility all things that are part of considering evidence? The command of the statute is that the Veterans Department has to consider all the evidence. Because this is a unique adjudicatory system in which the benefit of the doubt is supposed to be available. The Veteran did what he was supposed to do in this case. In 1996, he presented favorable evidence that he had a condition that was related to service. It took three years for them to get another opinion. That opinion simply rejected it and said, well, he came too late to the dance. He hadn't mentioned this before, and therefore we don't find that there is a basis as his treating doctor did. In 2004, the treating doctor further explained that no, the symptoms that you saw in service... But we all know that we can't review fact determinations by the Board. So if we have any jurisdiction to hear your contention, it has to be your legal contention that they used the wrong legal standard. But it's hard for me to see how they used the wrong legal standard. They used the wrong legal standard when they focused on the determinative factor was not that the evidence was negative or positive, but that it preponderated against the claim because it was merely more probative. The calculus... Does more probative really just mean in this context that it was stronger in their view? And I'm wondering if your position really isn't pretty close to the position that Chief Judge Michelle laid out earlier as the counting positive and counting negative, because if it's not a question of counting evidence, then are you suggesting that this case, all that the Board had to do in this case was identify Dr. J's evidence as positive, identify the government's evidence as negative, and then weigh the evidence as to which is stronger and which is weaker, and if they concluded that the government's evidence is stronger, then case over. Would that be sufficient to satisfy the standard that you think 5107B requires? Yes, with one additional caveat there. What 5107B directs is for there to be a specific determination, which was not made in this case, as to whether or not the evidence was or was not in approximate balance, because that is the triggering event for the benefit of the doubt. It seems to me that what they are doing is taking the traditional norm of win or lose, preponderates against or preponderates in favor, and 5107B has a bridge. It says no, first you have to determine all of the evidence in two categories, positive and negative, and then make a determination as to whether or not, when it is in approximate balance, that the benefit of the doubt must be resolved in favor of the claimant. But that exact scenario arises in every civil case. Yes, it does. In most of them, the plaintiff bears the risk of non-persuasion, which is to say if everything is equally balanced, plaintiff loses. In this system, 5107B says, in that situation, claimant wins, which is what reverses the normal civil presumption. But I'm wondering, is there anything more that 5107 does, other than you say they have to identify positive evidence and identify negative evidence, but once they've done that and they weigh the evidence and they conclude that the negative evidence is stronger than the positive evidence, aren't they done? Well, not exactly, because under 7104B, 38 U.S.C. 7104D, the board is required to give an adequate statement of reasons and basis for this determination. And explain why they think it's stronger. That's correct. And in doing so, then they give both the reviewing court and the appellant the opportunity to understand the reasoning behind their decision. And in this case, it is that reasoning that is missing because they didn't go to the balancing. They didn't identify the evidence as positive or negative. They went directly to the conclusion of it preponderates against. And 5107 is a required analysis that requires the assessment of evidence in only two categories. Once there is a determination that it may weigh against, then that's a matter for the adequate statement of reasons or basis and the explanation. So if I understand you correctly, if only they had said his psychiatrist's evidence was positive and all of the government assessments by the psychiatrists and social workers were negative, if they just hung those labels on the psychiatric evidence on both sides, you would be satisfied? Yes, because then we would have had something to prove. Don't we have a situation here where without using the word positive and negative, it's perfectly obvious to anybody reading the opinion that the evidence of his doctor was positive for him and all of the veterans' doctors were negative for him. So it would be kind of meaningless to say, well, but they have to say that. They have to use the magic word positive evidence when they're talking about his doctor and when they're talking about the veterans' doctors, they have to say it's negative evidence. But as Mr. Perez-Burgos understands the law, if that were the case, Your Honor, then he should have gotten the benefit of the doubt under 5107B because there was positive evidence and there was negative evidence and therefore— Well, that can't be right. It can't be that any time there's any positive evidence, you have equipoise and therefore the claimant has to win. There's always some positive evidence in all these cases that we see and there's some negative evidence and then it becomes a question of is one clearly stronger than the other. And what 5107 instructs— You aren't suggesting to us that any positive evidence requires a finding of equipoise. Well, any positive evidence with the absence of negative evidence requires an award, but any positive evidence combined with the presence of negative evidence requires an accounting, if you will, an explanation by the VA as to why the evidence is not in an approximate balance. There's only one issue left in this case and that's— I thought they gave an explanation of why they thought the assessments by the VA psychiatrist were more believable, more reliable than the assessment by his private psychiatrist. You might disagree with it, I might disagree with it, you could argue one way or the other, but they clearly conveyed to the reader of the opinion why they thought that the VA psychiatrist's conclusions were more reliable. But those conclusions did not go to— There's nothing in the 1999 opinion that addresses the 2004 opinion. The 2004 opinion differs substantively. It speaks to the prodromal stages of this condition. It gives what they said was lacking in the 1996 opinion, which was a rationale. How can it be related? The doctor explained how it was related. He gave that explanation and there was no evidence to the contrary. They can't— Well, I hope they found lots of evidence to the contrary. First of all, they said that he never mentioned any of these things that he told his doctor many years later in all of his interviews with the VA psychiatrist and before that with the Army psychiatrist when he was still a member of the service. But that has nothing to do with the 2004 opinion, which was from his private physician that the current disability was related to the symptoms and manifestations in service. That has nothing to do with what he did or didn't tell his psychiatrist. Maybe. Let's hear from the government and we'll restore the rebuttal time that you sought to reserve. Good morning. Good morning. May it please the court. The Veterans Court and the board did provide an adequate statement of reasons for why they reached the decision that they did. I would just cite the court to pages 97 through 99 of the appendix. What we thought Mr. Perez's Burgos argument is, is that the VA can't consider the weight and credibility of the evidence under 5107 and instead it has to look at a piece of evidence and put either a P or an N on it. And if there's one P and there's one N, well, there's a tie and the benefits go to the veteran. That's what we thought his interpretation of the statute is. And as we explained in our brief, that's inconsistent with the plain language of 5107. The statute provides that when there's a balance, a balance of positive and negative evidence, the secretary gives the benefit of the doubt to the claimant. We know that the word balance means to weigh, to consider the force of one side in excess of another. In the Ortiz case, this court held that the word balance… Do you understand him to be making a different argument here at the podium than your reading of his brief? I don't think so. I'm not entirely sure. But I think he's still making the same argument, but he's also saying… Is it a necessary part of his argument, as you understand it, both as made here today and as brief, that you have to count the pieces of evidence and add up the number of pieces of evidence in each of the two categories in order to comply with the requirement to give benefit of the doubt to the veteran? Yes, that's what we understood his argument to be. But he says that isn't what he's arguing. Well, that's not what he says in his brief. He makes statements like the VA and the board can't consider the weight or the probative value of the evidence, but rather must only consider it in terms of positive or negative. I mean, set aside the fact that evidence can be both. I mean, there can be positive and negative aspects of any one given piece of evidence, but that's inconsistent. Putting just a P and an N on the evidence and not giving the VA or the board as fact finder the ability to actually weigh it, to consider its probative value, that's inconsistent with not just the plain language of the statute, but with holdings from this court, where this court said that not only should the VA consider the weight and probative value of the evidence, but the VA actually has an affirmative duty to do so. And it's also inconsistent with just plain common sense. If we flip the tables, what if we had a situation where we have one highly probative, highly credible piece of positive evidence that gets a P on it from a doctor with a detailed analysis of the veteran's symptoms, of etiology, of causation, a thorough examination of the veteran's records. When we had 10 poorly reasoned decisions by VA doctors. Exactly. And you've got 10 negatives. Well, in that case, the veteran doesn't get the benefits. And we would say that's absurd. That's crazy. That's not what the statute says. That's not what this court is holding. So you hang your case on the word balance. You say balance necessarily implies weighing the merit or quality of the evidence. Yes. And consider, as we also noted, the word consider is used as well, which similarly means that one has to weigh probative value of the evidence. And again, though, with respect to the other argument, the VA, obviously this court respectfully doesn't have jurisdiction to re-weigh the facts. But I would just cite to pages 97 and 99 of the record where the board did set forth its analysis. And I would also note in the Ortiz case, this court specifically held that a finding that evidence preponderance in one direction precludes a finding that the positive and negative evidence is in balance. It seems like it logically follows. It does. If one outweighs the other, they can't be equal. Exactly. There's no tie in a case like that. So for all these reasons, we respectfully request that the court affirm the Veterans Court's decision. All right. Thank you. Mr. Carpenter, five minutes. The question is about balance, Your Honor, and when the board used the notion of probativeness, it short-circuited the process of balance. It went directly to the conclusion. The mandate of 5107- When you say directly to the conclusion, skipping what necessary step? The determination of whether or not the evidence was positive or negative. His evidence was positive while the other evidence was negative. But they did not frame their decision in that way, and then they didn't go to the question of how they arrived at that determination other than by a declaration that it was more probative. The only reason that they gave was that it was more probative. There is no basis for it to have been more probative. The evidence was developed in 1999 versus evidence that was developed in 2004. It goes to a completely different issue in 2004. The positive evidence in this case went to the fact that the symptoms- I thought that the board essentially said the psychiatrist only knows what the veteran told him, and what the veteran told him had to do with certain symptoms and certain behaviors, including suicidal thoughts and actions, none of which he ever mentioned to the army doctors at the time he was in the army or to any of the veteran doctors in all the examinations after that. Why isn't that a sufficient explanation of why they are not going to accept Dr. J's analysis? They're not saying Dr. J is a bad psychiatrist or wouldn't know a pro-mortal symptom from spinach. They're just saying he's a captive of what the veteran is saying now, but for the 15 years before that, that's not what the veteran was saying, so we don't believe it. Because that was an analysis made on a 1996 opinion offered by the private doctor by two examiners that examined the veteran in 1999. It was not based upon medical evidence of record in response to the supplemental evidence submitted in 2004. Well, it's certainly true that 1999 evidence isn't responding to 2004 evidence because it predates it. That's certainly correct, but so what? There can't be a rule that any time the veteran puts in more evidence, there has to be a fourth psychiatric exam by the VA because the three preceded the most recent evidence on the veteran's side. That wouldn't make any sense. But, Your Honor, you put the veteran in the most possibly adversarial circumstance possible by such an analysis. He submits evidence from his doctor that says it's related. He's in an adversarial situation in a certain manner of speaking. There's no way around it. He can only win if he can show by preponderant evidence service connection for his current disorder or if he can show equal evidence on both sides. In either of those two cases, he wins. He has a burden of proof, a burden of persuasion, as Judge Bison said. So to say that, well, this can't be in any manner or respect or degree adversarial is just not true. Of course it's adversarial because he has a burden of persuasion. And he met that, Your Honor. We're talking about 1996, 1999, and 2004. If you were the adjudicator, you would say he met the burden. The actual adjudicator said he didn't even come close. But the actual adjudicator did not make the analysis required by 5107B. Mr. Burgos had the right to the benefit of the doubt if he introduced evidence that placed the evidence in an approximate balance. The VA, excuse me, the Board's decision did not address that. They simply said that we prefer the medical opinion from 1999 because we find it to be more appropriate. That's not the analysis that's required by 5107B. Thank you very much, Your Honor. Thank you both. The case is submitted.